# UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**JULIEN XAVIER NEALS**
UNITED STATES DISTRICT JUDGE

Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608
(609) 989-0502

July 20, 2026

## <u>LETTER OPINION</u>

Re:  *Hunter's Roofing Services LLC v. Samartino Family Roofing, Inc.*
Civil Action No. 23-22524 (JXN)(JBC)

Dear Parties:

Before the Court is Defendant Samartino Family Roofing, Inc. ("Samartino"), Union Roofing Contractors, Inc. ("Union Roofing"), Frank J. Lubisky ("Lubisky"), and David J. McCaffrey's ("McCaffrey") (collectively, "Defendants") motion to dismiss Plaintiff Hunter's Roofing Services, LLC's ("Plaintiff") complaint. (Mot. to Dismiss, ECF No. 51.) For the reasons stated below, the motion is **denied without prejudice** pending the outcome of jurisdictional discovery.

Because federal courts "are courts of limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), this Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Jurisdiction "must be alleged affirmatively and distinctly and cannot 'be established argumentatively or by mere inference.'" *S. Freedman & Co. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006) (citation omitted). "A party's "bald allegations that the corporate parties are 'citizens' of certain states are insufficient to carry its burden of pleading the diversity of the parties." *Id.*

According to Plaintiff, the Court has subject matter jurisdiction under 28 U.S.C. § 1332(a), which allows federal courts to hear matters between citizens of different states where the amount in controversy exceeds $75,000. (*See* Second Am. Compl. ("SAC") ¶¶ 1, 7, ECF No. 37.)

Under § 1332(a), no plaintiff can be a citizen of the same state as any defendant. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). The rules for citizenship are "well established." *Id.* A person is a citizen of the state where they are domiciled. *Id.* A corporation is a citizen "both of the state where it is incorporated and of the state where it has its principal place of business." *Id.* And "the citizenship of an LLC is determined by the citizenship of its members." *Id.* at 420.

Plaintiff asserts that Samartino was either a Florida corporation or a fictitious name; Union Roofing is a Pennsylvania corporation doing business in Pennsylvania; Lubisky is a Pennsylvania resident; and McCaffrey is a Florida resident. (SAC ¶¶ 2–5.)

But Plaintiff, an LLC, claims it is a Maryland corporation doing business in Maryland. (*Id.* ¶ 1.) This is not enough to establish complete diversity. As discussed above, an LLC is a citizen of the states where its members are citizens—*not* where it was incorporated and principally does business. *Zambelli Fireworks*, 592 F.3d at 420. That Plaintiff was incorporated and headquartered in Maryland is irrelevant. Plaintiff has not identified its members, nor their respective citizenships.

"[J]urisdictional discovery should be allowed unless the plaintiff's claim is 'clearly frivolous.'" *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997) (citation omitted). Jurisdictional discovery is "particularly appropriate where the defendant is a corporation." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 336 (3d Cir. 2009). Plaintiff is an LLC, making jurisdictional discovery particularly appropriate here.

Therefore, the Court directs the parties to engage in jurisdictional discovery to concretely establish Plaintiff's citizenship. Because jurisdiction is a prerequisite to ruling on Defendants' motion, the motion to dismiss is **denied *without prejudice***. Following jurisdictional discovery, Defendants may refile their motion without first having to seek a pre-motion conference.

An appropriate Order accompanies this Opinion.

**SO ORDERED.**

/s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge